# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

CHARLES MARCUM,

                    Plaintiff,

-vs-                                         Case No.  6:04-cv-1661-Orl-28JGG

COVERT CONSULTANTS, INC.,

                    Defendant.

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for hearing on June 1, 2006 on the following motion:

| |
|---|
| **MOTION:**   **MOTION FOR ENTRY OF JUDGMENT (Doc. No. 40)** |
| **FILED:**      **May 5, 2006** |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. |

## I.     BACKGROUND

      Plaintiff Charles Marcum seeks to hold Defendant Covert Consultants, Inc. liable under the

Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 216(b) ("FLSA") for allegedly failing to

pay him overtime wages.   On May 5, 2006, all other claims, including Plaintiff's claim and

Defendant's counterclaims for breach of an employment agreement, were dismissed without prejudice,

with each party to bear its own attorneys' fees and costs as to those claims. *See* Docket Nos. 37, 39.

On May 5, 2006, Plaintiff Marcum filed an unopposed Motion for Entry of Judgment as to Count I (which was subsequently referred to the undersigned), asking the Court to enter a "Consent Judgment" that was jointly executed by Plaintiff and Defendant.  Docket No. 40 at 1.  The parties' proposed Consent Judgment, attached as an exhibit to the motion now before the court, states:

> By consent of the parties affected, as evidenced by the signatures of the parties and/or their representatives below, judgment is hereby entered in favor of Plaintiff Charles Marcum and against Defendant Covert Consultants, Inc., **with respect to the Fair Labor Standards Act claim in the amount of $182,707, which amount includes attorneys' fees and costs**.

Docket No. 40-2 (emphasis added).  Counsel for Plaintiff and the President of Defendant Covert Consultants, Inc., Allan M Spring, both signed the proposed Consent Judgment.  *Id.*

On May 8, 2006, the undersigned set a hearing on the motion to determine whether the proposed judgment is a fair and reasonable resolution of a bona fide dispute under the FLSA, and ordered the parties to be prepared to provide "the breakdown of all monies paid and the amount of attorney's fees and costs, including hourly rate and number of hours expended." Docket No. 41.  On June 1, 2006, lead counsel, Marcum, and Spring appeared before the undersigned for the hearing.

## II.      THE LAW

### A.      Approval of Settlements

Congress enacted the FLSA to protect workers from low wages and long hours that can result from the inequality in bargaining power between employers and employees.  The FLSA, therefore, provides that "[a]ny employer who violates the provisions of section 206 or 207 of this title shall be liable to the employee . . . affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be. . . ." 29 U.S.C. §216(b).  The FLSA's provisions are

mandatory and, except in two narrow circumstances generally are not subject to bargaining, waiver, or modification by contract or settlement. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). The two circumstances in which FLSA claims may be compromised are claims that are 1.) supervised by the Secretary of Labor pursuant to 29 U.S.C. § 216(c) and 2.) when a court reviews and approves a settlement in a private action for back wages under 29 U.S.C. § 216(b). *Lynn's Food Stores, Inc. v. United States, U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982).

Before the Court may approve the settlement, it must scrutinize the settlement to determine whether it is a fair and reasonable resolution of a bona fide dispute. *Id.* at 1354-55. If a settlement in an employee FLSA suit reflects "a reasonable compromise over issues," such as FLSA coverage or computation of back wages that are "actually in dispute," the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id*. at 1354. Where the employer offers the plaintiff full compensation on his FLSA claim, no compromise is involved and judicial approval is not required. *MacKenzie v. Kindred Hosp. East, L.L.C.*, 276 F. Supp. 2d 1211, 1217 (M.D. Fla. 2003).

In determining whether the settlement is a fair and reasonable resolution, the Court adopts the factors used in approving the settlement of class actions:

> (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel.

*See Leverso v. SouthTrust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). When considering these factors, the Court should keep in mind the "strong presumption" in favor of finding a settlement fair. *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir.1977). Moreover, the Court is

aware, as the parties must also be, that a "settlement is a compromise, a yielding of the highest hopes in exchange for certainty and resolution." *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 806 (3d Cir.1995), *citing Cotton*, 559 F.2d at 1330.

### B.     Awards of Reasonable Attorneys' Fees and Costs

An award of "reasonable attorneys' fee[s] . . . and costs" is mandatory under § 216(b) if the employer is held liable.  Although the court is obligated to award the attorneys' fees, Congress's use of the word "reasonable" confers discretion upon the court to determine the amount of fees to be awarded.  In determining the reasonableness of attorneys' fees pursuant to a fee-shifting statute, the lodestar generally is recognized as a reasonable fee.  *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992).[1]   The party seeking attorneys' fees bears the initial burden of submitting adequate documentation of the hours reasonably expended and of the attorney's qualifications and skill.  *See Hensley v. Eckerhart*, 461 U.S. 424, 433, 437 (1983).  Satisfactory evidence of the prevailing market rate "at a minimum is more than the affidavit of the attorney performing the work," and must address rates actually billed and paid in similar lawsuits.  *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988).

In collective FLSA actions, the court has a duty to determine the reasonableness of the proposed attorneys' fees as part of the fairness determination.  *See, e.g., Strong v. BellSouth Telecomms., Inc.*, 137 F.3d 844, 849-50 (5th Cir. 1998).  This makes sense, as most settlements of collective actions involve a lump sum settlement with an amount to be deducted for attorneys' fees.

---

[1] The lodestar is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. A reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation."  *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir.1988).

-4-

In such cases, it is necessary for the court to evaluate the overall fairness of the settlement and the benefit to the plaintiffs.

The FLSA does not require the court to assess the fairness of an agreed payment of attorneys' fees in settling an individual action.  Indeed, the purpose of the fairness review is to ensure that an employer does not take advantage of an employee in settling his claim for wages, and not to ensure that the employee does not overcharge the employer.  *See Lynn's Food Stores*, 679 F.2d at 1354.  In an individual FLSA claim, where separate amounts are set forth for the payments of unpaid wages and payments for attorneys fees, the Court has greater flexibility in exercising its discretion in determining the reasonableness of the attorneys' fee.

The award of costs is made in accordance with 28 U.S.C. § 1920.  *Goss v. Killian Oaks House of Learning*, 248 F. Supp. 2d 1162, 1169 (S.D. Fla. 2003).  In an FLSA action, it is error for a district court to award costs in excess of those permitted by § 1920.  *Glenn v. Gen. Motors Corp.*, 841 F.2d 1567 (11th Cir. 1988) (district court erred in awarding expert witness fees under §216(b) that exceeded the amount allowed by § 1920).  Likewise, a district court must identify reasons for denying costs to a prevailing party so that the appellate court has some basis to review whether the district court acted within its discretionary power. *Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995).

## III.   APPLICATION

Plaintiff alleged that he was not paid overtime wages for his work as a private investigator for Defendant, a Florida corporation. Docket No. 1 at 2, ¶¶ 6, 9.  In its answer, Defendant denied these allegations and asserted a number of affirmative defenses, including the defenses that Plaintiff was an exempt employee under the provisions of the FLSA, and that Defendant was not an employer as

defined by the FLSA.  Docket No. 6 at 4-6.  This case involves a bona fide dispute as to liability and the amount owed.

The parties have agreed to entry of a judgment of $182,707 against Defendant in this case.  The total judgment includes: 1.) $78,000 as back wages, 2.) $78,000 for liquidated damages, 3.) $24,236.07 in attorney's fees, and 4.) $2,471.89 in costs.[2]  In terms of fairness of the settlement, each party was independently represented by counsel.  Counsel were obligated to vigorously represent their clients' rights.  Based on the amount to be paid to Plaintiff, there is no suggestion of collusion.  At the hearing, both parties stated that they were satisfied that the judgment was a fair and reasonable resolution of this action.  The Court finds that an agreement to the entry of judgment in favor of certainty was fair and reasonable.

Counsel for Plaintiff expended 149.8 hours at a billing rate of between $200 and $300, depending on the attorney working on this case.  Defendant does not contest the number of hours, the billing rate, or amount of attorney's fees and costs.  As there is no unreasonableness apparent from amount agreed upon by the parties, the Court did not conduct an in-depth analysis of the attorney's fees sought or determine the market rate for Plaintiff's counsel. In fact, Defendant joins in moving for entry of judgment, and stated that it believes that the attorney's fees are reasonable.  The Court, therefore, finds it unnecessary to inquire into the reasonableness of the hourly rate charged by Plaintiff's counsel, and accepts the parties' stipulation as to the reasonableness of the attorneys' fees and costs.

---

[2]The total amount is actually $182,707.96, but the parties are asking for a consent judgment in the amount of $182,707.

Accordingly, the undersigned **RECOMMENDS** that:

1.      the Motion for Entry of Judgment as to Count I [Docket No. 40]  be **GRANTED**;

2.      the Consent Judgment [Docket No. 40-2] be approved;

3.      judgment against Defendant Covert Consultants, Inc. [Docket No. 40-2] be entered;

4.      the Clerk be directed to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on June 1, 2006.


JAMES G. GLAZEBROOK
UNITED STATES MAGISTRATE JUDGE


Copies furnished to:

The Honorable John Antoon II
Counsel of Record
Unrepresented Party
Courtroom Deputy